UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT KEHR,

        Petitioner,

vs.	Case No. 3:13-cv-226-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner Robert Kehr, an inmate of the Florida penal system, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254 on February 28, 2013, pursuant to the mailbox rule. Kehr filed an Amended Petition (Doc. 5) on April 17, 2013. He challenges a 2006 state court (Columbia County, Florida) judgment of conviction for attempted first degree murder. On May 7, 2015, the Court denied Kehr's Motion to Hold Petitioner's Habeas Corpus [Petition] in Abeyance (Doc. 23). See Order (Doc. 25). In doing so, the Court directed Kehr, by June 17, 2015, to "notify the Court as to whether he intends to either: (1) proceed in this action on the allegedly exhausted grounds set forth in the Amended Petition, or (2)

voluntarily dismiss this action without prejudice to his right to exhaust the issues in the state courts and then to return to this Court for review of a perfected Petition (with the caveat that his perfected Petition could potentially be dismissed as untimely)." Id. at 6, paragraph 2.

On June 16, 2015, Kehr filed a Notice of Voluntary Dismissal (Doc. 26), requesting dismissal of this action without prejudice to his right to refile at a later date. The next day, Respondents filed an Objection to "Notice of Voluntary Dismissal" (Objection; Doc. 27). In the Objection, Respondents argue that Kehr is not entitled to a voluntary dismissal because they have filed a "responsive pleading," and as such the Amended Petition, which they contend is untimely, "must be dismissed as such with prejudice." Objection at 1-2 (citing Fed. R. Civ. P. 41(a)(1)(ii)). However, Respondents' Objection is due to be overruled.

Pursuant to Rule 41(a)(1)(A)(i), Federal Rules of Civil Procedure, a party initiating a civil action may dismiss the action without prejudice by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Here, although Respondents filed a Motion to Dismiss [the] Petition for Writ of Habeas Corpus (Motion to Dismiss; Doc. 19) as untimely, they have filed neither an answer nor a motion for summary judgment. Accordingly, the case is due to be dismissed without prejudice under Federal Rule of Civil

Procedure 41(a)(1)(A)(i). After exhaustion in the state courts, Kehr may refile a new habeas corpus case in federal court. Nevertheless, Kehr is not excused from compliance with the one-year statute of limitations.[1]

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Objection (Doc. 27) to Petitioner's Notice of Voluntary Dismissal is overruled.

2. This case is hereby **DISMISSED without prejudice** to Petitioner's right to refile his claims by initiating a new habeas corpus case.

3. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of June, 2015.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 6/23
c:
Robert Kehr
Ass't Attorney General (Jordan)

---

[1] See Motion to Dismiss (Doc. 19) at 7 (arguing that the original and amended petitions are untimely filed).